IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**INDIGO OCEAN ROSE KRAIM,**

      **Plaintiff,**

v.                                          Case No. 3:21-cv-00329

**MARIOTT (Mr. Marriott),
current /former owner;
CHARLESTON WEST VIRGNIA
POLICE DEPARTMENT; and
CHANNEL 13 NEWS,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

      Pending before the Court is Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 1). Plaintiff has not paid a filing fee, or submitted an Application to Proceed Without Prepayment of Fees and Costs. Accordingly, Plaintiff is **ORDERED** to pay the filing fee of $400, or submit a completed and signed Application to Proceed *in forma pauperis* within **thirty (30) days** of the date of this Order.

      Given Plaintiff's *pro se* status, the undersigned has conducted a preliminary review of her complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411,

417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend her complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff names the following defendants: Marriott and/or its current and former owner; Charleston West Virginia Police Department; and Channel 13 News. Plaintiff claims that she checked into a Marriott hotel after leaving two other hotels, including the Marriott Courtyard. She claims to have been wiretapped, held hostage, and cyberstalked. She indicates that the police are investigating, but she did not receive a refund from the hotels. She includes a rambling and incoherent sentence about Cardi B, Offset, the illuminati, and gang members. She states that she has been exploited and forced to waste money on clothing and food. She makes no allegations regarding the police—other than they are investigating—and includes no claim against Channel 13 News. For relief, she seeks ownership of all of the hotels, refunds, and to be able to stay in the executive suite with any and all amenities.

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable

under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (quoting *Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)).

As currently written, Plaintiff's complaint fails to state a claim sufficient to withstand dismissal on initial screening. Plaintiff does not include any factual allegations in her complaint that support a plausible claim against the defendants. Consequently, Plaintiff must amend her complaint in order for the undersigned to complete a preliminary review of the merits. Without such an amendment, Plaintiff's complaint will be subject to a recommendation of dismissal. Therefore, Plaintiff is **ORDERED** to amend her complaint within **thirty (30) days** and cure the following deficiencies as indicated below:

1. Plaintiff must establish that the Court has jurisdiction over this complaint. To do so, she must claim that the defendants were all state officials acting under color of state law; or that there is some other federal question at issue; or that she and the defendants are all citizens of different states and the amount in controversy exceeds $75,000.

2. Plaintiff must set forth **a factual basis** upon which the Court can conclude that ***each one*** of the defendants violated Plaintiff's constitutional or civil rights. It is not enough for Plaintiff to say that her rights were violated or to string together legal terms. She must include specific facts to demonstrate a viable and cognizable claim against each named defendant.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered will result in a recommendation that the complaint be dismissed for failure to state a claim and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded** of her obligation to promptly notify the Clerk of Court of any change in

her contact information.

The Clerk is instructed to provide a copy of this order to Plaintiff, along with an Application to Proceed Without Prepayment of Fees and Costs.

**ENTERED:** July 26, 2021

---
Cheryl A. Eifert
United States Magistrate Judge