IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

INDIGO OCEAN ROSE KRAIM,

      Plaintiff,

v.                             Case No. 3:21-cv-00329

MARIOTT (Mr. Mariott),
current /former owner;
CHARLESTON WEST VIRGNIA
POLICE DEPARTMENT; and
CHANNEL 13 NEWS,

      Defendants.

PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Indigo Ocean Rose Kraim ("Kraim"), filed a *pro se* civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that Kraim's complaint be **DISMISSED** for failure to state a claim, and that the case be removed from the docket of the Court.

I.    **Relevant Background**

On June 9, 2021, Kraim filed the complaint herein. She alleges that she checked into a Marriott hotel after leaving a Four Points by Sheraton hotel and a Marriott Courtyard hotel. (ECF No. 1). Kraim states that she was illegally wiretapped, harassed,

and held "hostage." (ECF No. 1 at 4). She claims that the Charleston West Virginia Police Department was investigating the case and told her that she now owned the hotel. She complains that the Four Points and Courtyard hotels had her removed from their properties, and she received no refunds from them. (*Id*.). Kraim describes cameras being placed everywhere and alleges that Cardi B, Offset, the illuminati, and gang members discussed exploiting her and her children. She asks the Court to award her ownership of the hotels and a refund of all of the money she spent. (*Id*. at 5-6).

On July 26, 2021, the undersigned issued a Memorandum Opinion and Order, explaining to Kraim that her complaint failed to state a viable claim against any of the named defendants. (ECF No. 3). Kraim was ordered to amend her complaint to identify how each defendant violated her constitutional rights and to set forth the nature of the Court's jurisdiction over the defendants who were not state officers. She was given thirty days to make the necessary amendments. (*Id*.). In addition, Kraim was ordered to either pay the filing fee, or submit an Application to Proceed Without Prepayment of Fees and Costs. She was advised that a failure to amend the complaint would result in a recommendation of dismissal. (*Id*.). More than 77 days have passed since the Order was entered, and Kraim has failed to amend the complaint or address the filing fee.

## II.    **Standard of Review**

Title 42 U.S.C. § 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of State law. 42 U.S.C. § 1983. In order to allege a *prima facie* claim under § 1983, a plaintiff must present facts showing that: (1) an individual defendant deprived the plaintiff of a federally protected civil right, privilege or immunity, and (2) that the defendant did so under color of state law. *See American Mfr. Mut. Ins. Co. v. Sullivan*,

526 U.S. 40, 49-50 (1999). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 8 requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This mandate "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. at 679.

Furthermore, allegations in a complaint that are "fanciful" or outlandish may be disregarded, and a complaint that relies on such allegations may be dismissed as factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton* 504 U.S. at, 31-32; *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton,* 504 U.S. at 32-22.

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint must present more than naked allegations of wrongdoing to survive a § 1915A screening. Conclusory statements without rational and specific factual support are insufficient to state a claim. *Adams v. Rice,* 40 F.3d 72, 74-745 (4th Cir. 1994). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. <u>Discussion</u>

### A. The Complaint Fails to State a § 1983 Claim

Kraim's complaint fails to state a plausible civil rights claim, because it contains only illogical and fanciful allegations of wrongdoing allegedly perpetuated by various unrelated individuals and defendants. Her complaint includes no allegations whatsoever against Channel 13 News, and her allegations against Mariott are, at best, indecipherable. While Kraim claims that she was being held hostage and that the Charleston West Virginia Police Department was somehow involved, she has failed to articulate any factual events supporting the conclusion that the Police, or any of the defendants for that matter, deprived her of a federally protected civil right.

Even construing the complaint liberally, it is impossible to discern any cognizable legal claim for which the defendants could be held liable. Kraim was given an opportunity

4

to amend the complaint and correct the deficiencies, but she chose not to do so. Therefore, the undersigned **FINDS** that the complaint fails to state a plausible claim and should be summarily dismissed as factually frivolous.

### B. The Complaint Fails to Establish Subject Matter Jurisdiction

Furthermore, the complaint does not allow the Court "to discern any proper basis for jurisdiction." *von Fox v. U.S. State Dept.,* Case No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4. Neither Marriott, nor Channel 13 News, are state officials subject to liability under Section 1983, and Kraim includes no allegations in the complaint to establish federal jurisdiction under any other basis. While the Charleston West Virginia Police Department, or the City of Charleston, could conceivably be a proper defendant under Section 1983, Kraim fails to state factual allegations that give rise to a plausible claim against the Police Department. *See also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (stating that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit'").

As it is impossible for the undersigned to identify any proper basis for federal court jurisdiction, the undersigned **FINDS** that the complaint should be dismissed.

### IV.  <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Kraim's complaint (ECF No. 1), be **DISMISSED** and **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States

District Judge. Pursuant the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** October 14, 2021

Cheryl A. Eifert
United States Magistrate Judge